NOT FOR PUBLICATION (Doc. No. 29)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JOHN D. HORTON, | : |
| Plaintiff, | : |
| v. | : Civil No. 09-3394 (RBK/JS) |
| TEN UNKNOWN NAMED POLICE, et al., | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter arises out of Plaintiff John D. Horton's ("Plaintiff") February 15, 2008 arrest for aggravated assault upon a military security officer. Plaintiff brought this suit under 42 U.S.C. § 1983, suit alleging that Shawn Mount ("Defendant") and other named and unnamed defendants violated his Fourth and Fifth Amendment rights by falsely arresting and imprisoning him, and unlawfully searching and seizing his automobile. Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendant claims the following: (1) Defendant is entitled to qualified immunity; and (2) Plaintiff's *in forma pauperis* complaint should be dismissed with prejudice because it is frivolous. For the following reasons, Defendant's motion for summary judgment is **GRANTED**. Because the Court finds that Defendant is entitled to qualified immunity, Defendant's argument that Plaintiff's *in forma pauperis* complaint should be dismissed will not be addressed at this time.

I.     BACKGROUND

Plaintiff states that he had been previously employed as a Library Technician for the Air Force.  Compl. ¶ 7.  As of February 1, 2008, Plaintiff was subject to an exclusionary order prohibiting Plaintiff from entering McGuire Air Force Base ("McGuire") in New Jersey.  See Def. Ex. C, Statement of Probable Cause.  On February 14, 2008, Officer Glapion found Plaintiff "in a [McGuire] dormitory for no legitimate purpose."  Id.  When questioned by a security officer, Plaintiff provided the false name "John Warner."  Id.  Plaintiff also was found to have in his possession a United States Uniformed Services Dependent ID Card belonging to another individual.  Id.  Fingerprints later revealed that Plaintiff had provided a false identity.  Id.

Later the same day, Plaintiff drove back to McGuire and attempted to re-enter.  Id.  At the gate, Officer McGreevy stopped Plaintiff and asked Plaintiff to identify himself.  See Def. Ex. H, McGreevy Aff.  Plaintiff handed McGreevy an ID card that McGreevy recognized as suspect. Id.  When McGreevy asked Plaintiff to "standby," Plaintiff began to exit his vehicle.  Id. McGreevy states that when McGreevy asked Plaintiff to get back into his vehicle, Plaintiff "pushed the door into [McGreevy's] chest and was trying to turn towards [McGreevy]."  Id.  At this point, McGreevy states that he then "pushed [Plaintiff] off [McGreevy] and back into the car."  Id.  McGreevy then asked for Plaintiff's keys.  Id.  However, McGreevy states that at this point, Plaintiff stepped on the accelerator, dragging McGreevy forward.  Id.  McGreevy states that the car "door struck [McGreevy] and knocked [McGreevy] into the curb."  Id.  McGreevy states that "the car then struck [McGreevy's] right foot around the rear tire."  Id.

After Plaintiff drove away from the gate, McGreevy radioed a "Code Red" and stated that "he had a gate runner."  Def. Ex. E.  McGreevy was subsequently transported to the McGuire

medical clinic where he was "treated for a sprained left wrist and a 4mm laceration to his ring finger of his left hand." Id.

Plaintiff was soon apprehended by Bordentown Police at a nearby Wendy's Restaurant in Bordentown, NJ.  Def. Ex. K, Dep. Trans. of Thomas Glapion, at 28-29, at 35-36.  Officer Glapion stated that he arrived on the scene to positively identify Plaintiff.  Id.  Glapion states that, prior to Glapion's arrival, an Officer Spadano had arrested Plaintiff, frisked Plaintiff at the time of the arrest, and served Plaintiff with copies of the summonses.  Id.  Four summonses were issued to Plaintiff, namely, "assaulting an officer," "entering a military property after having been removed and ordered not to re-enter," "possessing a United States Air Force dependent ID card belonging to another," and "obstruction of justice."  See id. at 28-29.

Glapion stated that either Glapion or Officer Spadano asked Plaintiff if they could search his vehicle, and that Plaintiff consented.  Id. at 41-42.  Either Officer Glapion or Officer Spadano subsequently searched Plaintiff's vehicle.  Id.  Glapion then stated that they were preparing to transport Plaintiff back to McGuire.  See id.  However, Officers Glapion and Spadano did not have a safety cage in either of their vehicles.  Id.  Therefore, they asked Defendant Shawn Mount, a Bordentown Police Officer, to transport Plaintiff.  Id.  According to Glapion, Defendant Officer Mount then transported Plaintiff to the gate of McGuire Air Force Base, and, once there, transferred custody of Plaintiff to McGuire security.  See id.

Glapion stated that after Defendant Officer Mount transported Plaintiff away, Officers Glapion and Spadano spoke with Wendy's manager, who asked them to take away Plaintiff's vehicle.  Id. at 45-46.  Glapion stated to the manager that the officers did not want to take custody of Plaintiff's vehicle.  Id.  Officer Glapion stated his belief that subsequently, Wendy's management arranged to have the vehicle removed from the Wendy's property.  Id.

## II.     STANDARD

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id.  A party cannot oppose a motion for summary judgment by simply relying on the pleadings in its defense. Fed. R. Civ. P. 56(e).

**III.    DISCUSSION**

Plaintiff has not filed an opposition to Defendant's motion for summary judgment. Given this, the Court accepts all of the facts set forth in Defendant's affidavits and depositions as true.[1] The Court finds that Plaintiff has not raised any issues of material fact to defeat Defendant's motion for Summary Judgment. As explained below, the Court is satisfied that Defendant has shown "that there is an absence of evidence to support the nonmoving party's case." See Celotex, 477 U.S. at 325.

On July 10, 2009, Plaintiff filed the Complaint, alleging that Defendant's actions violated his Fourth and Fifth Amendment rights by falsely arresting and imprisoning him, and by unlawfully searching and seizing his automobile. Compl. ¶¶ 11-13.

Defendant argues that he is entitled to summary judgment because Defendant was not involved in the search or seizure of Plaintiff, and was not involved in the search or seizure of Plaintiff's automobile. Def. br. at 7-25. The Court finds that based on Officer Glapion's sworn deposition testimony, there are no genuine issues of material fact as to Defendant's noninvolvement in the alleged searches of Plaintiff and Plaintiff's car, and as to the alleged seizure and impoundment of Plaintiff's car. According to Officer Glapion's testimony, Defendant's involvement began only when Defendant transported Plaintiff to McGuire Air Force Base. As to this charge of unlawful seizure of Plaintiff, Defendant asserts that he is entitled to qualified immunity.

---

[1] Defendant Shawn Mount has failed to include a Separate Statement of Undisputed Facts to supplement its Summary Judgment brief pursuant to Local Rule 56.1. Failure to submit the Rule 56.1 Statement is alone an appropriate ground on which to deny Defendant's motion. However, a court may excuse the failure to submit a Rule 56.1 statement where there is no evidence of bad faith. See, e.g., Rumbas v. Borough of Lawnside, 2008 U.S. Dist. LEXIS 60712 (D.N.J. 2008) (Simandle, J.); Shirden v. Cordero, 509 F.Supp.2d 461, 463-64 n .1 (D.N.J. 2007) (Martini, J.). For the purposes of this summary judgment motion, the Court finds that there is no evidence of bad faith on the part of Defendant Mount in failing to submit the Rule 56.1 Statement. Therefore, the Court finds that it is appropriate to decide Defendant's summary judgment motion in this case. While the Court will overlook Defendant's failure to include a Rule 56.1 Statement in this instance, the Court impresses upon Defendant that the Court will not be so lenient in the future if Defendant again fails to follow the applicable rules.

### A. Qualified Immunity

Qualified immunity protects officers from liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Id.  The Third Circuit uses a two-prong inquiry to determine whether a government official is entitled to qualified immunity in connection with the arrest of a private citizen.  Pollock v. The City of Phila., 403 Fed. Appx. 664, 669 (3d Cir. 2010) (citing Pearson v. Callahan, 555 U.S. 223 (2009)).  The first prong requires a court to "decide whether the facts . . . shown . . . make out a violation of a constitutional right."  Id. (quoting Pearson, 555 U.S. at 815-16).  Under the second prong, a court must "decide whether the right at issue was 'clearly established' at the time of [the] defendant's alleged misconduct."  Id. (quoting Pearson, 555 U.S. at 816) (internal quotation marks omitted).  Courts are permitted to use discretion as to which prong to apply first.  Giles v. Kearney, 571 F.3d 318, 325 (3d Cir. 2009) (citing Pearson, 555 U.S. at 816).  Qualified immunity is a question of law, but disputed issues of material fact will preclude summary judgment on qualified immunity.  Id.  "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."  Id. (quoting Pearson, 555 U.S. at 816) (internal quotation marks omitted).  Qualified immunity is an affirmative defense and the burden of pleading it rests with the defendant.  Gomez v. Toledo, 446 U.S. 635, 639 (1980).

1. **Plaintiff's Claim for Unlawful Seizure**

The Fourth Amendment prohibits "unreasonable searches and seizures . . . ." U.S. Const. amend. IV. Police are generally required to obtain a warrant based on probable cause before a search or a seizure. Terry v. Ohio, 392 U.S. 1, 20 (1968).

Plaintiff argues that Defendant had no probable cause to seize Plaintiff by transporting Plaintiff to McGuire Air Force Base. See Compl. ¶ 11. A court's first step in a Fourth Amendment challenge is to determine whether the person was actually seized. See United States v. Crandell (Crandell I), 554 F.3d 79, 84 (3d Cir. 2009). Not every encounter between police and the public is a seizure. Id. Under the Fourth Amendment, a seizure only occurs "when [a police officer], by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Terry, 392 U.S. at 19-20 n.16. The "show of authority" test "is an objective one: not whether the citizen perceived that he was being ordered to restrict his movement, but whether the officer's words and actions would have conveyed that to a reasonable person" in light of all the surrounding circumstances. California v. Hodari D., 499 U.S. 621, 628 (1991) (citing United States v. Mendenhall, 446 U.S. 544, 554 (1980)). Factors in this inquiry include:

> [1] the threatening presence of several officers, [2] the display of a weapon by an officer, [3] some physical touching of the person of the citizen, or [4] the use of language or tone of voice indicating that compliance with the officer's request might be compelled. In the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person.

Mendenhall, 446 U.S. at 554-55 (internal citations omitted).

In this dispute, the seizure took place in a Wendy's Restaurant. Several officers were present. One of the officers handcuffed Plaintiff. Plaintiff was then transported by Defendant to McGuire Air Force Base. Therefore, the Court finds that Plaintiff was seized.

### 2. Clearly Established Right

The Court now determines whether Defendant violated a clearly established right held by Plaintiff. The inquiry into whether a constitutional right is clearly established "must be undertaken in light of the specific context of the case[.]" Saucier, 533 U.S. at 201. A right is clearly established if "'[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. at 202 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

The Court must assess whether the right was clearly established at the time the officer acted. Anderson, 483 U.S. at 639. The Court should not grant summary judgment on the basis of qualified immunity when disputed issues of historic fact are "material to the objective reasonableness of an officer's conduct[.]" Curley v. Klem, 298 F.3d 271, 278 (3d Cir. 2002). Material issues of disputed, historical fact "give rise to a jury issue." Id.

Defendant arrested Plaintiff in 2008. Compl. ¶ 8. In 2008, it was well established that arresting a person without probable cause was a constitutional violation. See Terry, 392 U.S. at 20. However, the Third Circuit has held that police officers have probable cause to arrest an individual based on the statement of another police officer. See Groman v. Township of Manalapan, 47 F.3d 628, 635 n.10 (3d Cir. 1995) (citing Baker v. McCollan, 443 U.S. 137, 143-144 (1979)). The Court finds that under the facts of this case, it was reasonable for Defendant to rely upon the good faith statements of the other officers, including Officers Glapion and Spadano, in taking Plaintiff into custody and transporting Plaintiff to McGuire Air Force Base.

Here, Plaintiff had been under an exclusionary order to refrain from entering McGuire, had attempted to re-enter the base, was involved in an altercation with Security Officer McGreevy, and had fled the scene. McGreevy had issued a code red alert to other police officers regarding Plaintiff, and Defendant had arrived on the scene at the time that Plaintiff had already been arrested and searched by other officers. Therefore, Defendant had every reason to believe that there was probable cause to arrest Plaintiff. It is far from "clear that a reasonable [police officer] would understand that" Defendant's transportation of Plaintiff to McGuire Air Force Base would violate Plaintiff's right to be free from unlawful seizures. See Saucier, 533 U.S. at 202. Accordingly, the Court finds that Defendant is entitled to qualified immunity as to Plaintiff's claim for unlawful seizure.

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is **GRANTED**. An appropriate Order shall enter today.

Dated:  11/14/2011                                          /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge